IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| PATRICK MAPLES,  ) | |
| Reg #21422-076  ) | |
|    Petitioner,  ) | **Case No. 2:12-CV-00059 BSM-JTK** |
| ) | |
| v.  ) | |
| ) | |
| T C OUTLAW, Warden, FCI – Forrest City  ) | |
|    Respondent.  ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

      Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Patrick Maples for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 8).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). In 2007, he pled guilty to unlawful possession with intent to distribute five grams or more of crack cocaine, and he was sentenced to 188 months' imprisonment. His conviction took place in the Western District of Tennessee, and his plea agreement contained a waiver of his appellate rights, including those under 28 U.S.C. § 2255.

## Discussion

Petitioner claims that 21 U.S.C. § 841 and the sentencing guidelines violate the Due Process Clause with respect to offenses involving cocaine base. He also argues that the United

States has discriminated against African Americans in sentencing and that the career offender guidelines should not apply to persons charged under 21 U.S.C. § 841(a)(1). Petitioner requests that his sentence be vacated and that he be released from custody.

A collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 (in this case, the Western District of Tennessee), and not in a habeas petition filed in the court of incarceration (in this case, the Eastern District of Arkansas) under § 2241. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255's "savings clause" provides that an application for relief

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, the issue before the Court is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain Petitioner's § 2241 claims.

"The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted). Petitioner has failed to satisfy this burden. He merely asserts that § 2255 is inadequate because he waived his rights to appeal as part of his plea agreement. Such waivers have been found valid by both the Eighth and Sixth Circuits. *See United States v. Andis*, 333 F.3d 886, 887 n.2 (8th Cir. 2003); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001); *Davila v. United States*,

258 F.3d 448, 451(6th Cir. 2001). Petitioner does not contend that his waiver was deficient in any way, so the Court must find that it was valid and enforceable.

"A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district." *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (quoting *Hill*, 349 F.3d at 1092). Accordingly, the Court lacks jurisdiction to hear Petitioner's § 2241 petition.

In any event, Petitioner's arguments have been repeatedly rejected by the Courts in the past. *See, e.g.*, *United States v. Clary*, 34 F.3d 709 (8th Cir. 1994); *United States v. Williams*, 982 F.2d 1209, 1213 (8th Cir. 1992).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 28th day of February, 2013.

_____
United States Magistrate Judge